08-3901-ag
Qiu v. Holder

BIA
Bain, IJ
A098 560 281

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11th day of February, two thousand ten.

PRESENT:
 GUIDO CALABRESI,
 ROSEMARY S. POOLER,
 ROBERT A. KATZMANN,
  *Circuit Judges*.

_____

HAI HUI QIU,
  *Petitioner*,

  v.   08-3901-ag
   NAC

ERIC H. HOLDER JR., ATTORNEY
GENERAL,[*]
  *Respondent*.

_____

---

[*] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

FOR PETITIONER:        Robert J. Adinolfi, Louis &
                       Adinolfi, New York, N.Y.

FOR RESPONDENT:        Gregory G. Katsas, Assistant
                       Attorney General, Keith I. McManus,
                       Senior Litigation Counsel, Jessica
                       E. Sherman, Trial Attorney, Office
                       of Immigration Litigation, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Hai Hui Qiu, a native and citizen of the People's Republic of China, seeks review of a July 28, 2008 order of the BIA, affirming the September 18, 2006 decision of Immigration Judge ("IJ") Terry A. Bain, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Hai Hui Qiu*, No. A098 560 281 (B.I.A. July 28, 2008), *aff'g* No. A098 560 281 (Immig. Ct. N.Y. City Sept. 18, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency

2

determination. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir. 2008). We review the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B). Questions of law and the application of law to undisputed fact are reviewed *de novo*. *See Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

We conclude that the agency did not err in finding that Qiu failed to demonstrate eligibility for asylum or withholding of removal. The agency properly found that Qiu had failed to show that at least one "central reason" for any mistreatment that he suffered was "on account of" his political opinion. *See* 8 U.S.C. § 1158(b)(1)(B)(i). Qiu did not exhaust his claim of future persecution to the BIA, but we note that he did not show that any mistreatment that he would suffer upon return to China would be "on account of" his political opinion. *See id.; see also Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 (2d Cir. 2005) (an "applicant must also show, through direct or circumstantial evidence, that the persecutor's motive to persecute arises from the applicant's political belief"). According to Qiu's testimony, the "central reason" he was sought by the authorities was that his Village Chief's nephew attacked him

during a basketball game and Qiu reported it to the police and the County Chief.  While Qiu argues that the authorities planted Falun Gong material in his home, he does not contend that the authorities in fact believed him to practice Falun Gong and that the police officers who planted the material, or others within the police force, did or will seek to persecute him on account of their belief that he practices Falun Gong.  Qiu need not show that a protected ground was the sole basis for his persecution, but he must at least show that it was or would be a motivating factor.  *See Uwais v. U.S. Att'y Gen.*, 478 F.3d 513, 517 (2d Cir. 2007).  Therefore, because Qiu failed to show the requisite nexus to a protected ground, the agency did not err in denying his application for asylum and withholding of removal.  *See Paul v. Gonzales*, 444 F.3d 148, 155-56 (2d Cir. 2006) (withholding claim necessarily fails if the applicant is unable to show the objective likelihood of persecution needed to make out an asylum claim).

Finally, in his brief to this Court, Qiu failed to challenge the agency's finding that he was ineligible for CAT relief.  We therefore deem waived any challenge to the denial of such relief.  *See Yueqing Zhang*, 426 F.3d at 541

4

n.1.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot. The pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk